UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 17-214

WENDELL DARNELL MIDDLETON,                         PLAINTIFF,

v.                  MEMORANDUM OPINION AND ORDER

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on November 21, 2013, alleging disability beginning in September 2013, due to "cervical problems, high blood pressure, low back pain, knee pain, problems hearing and being a slow reader" (Tr. 247).

This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Raymond Souza (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Marianne K. Lumpe, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 39 years old at the time he alleges he became disabled. He has a GED and his past relevant work consists of work as a heavy equipment operator (Tr. 247-249).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 29).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, degenerative joint disease in the his left knee, depression and hypertension, which he found to be "severe" within the meaning of the Regulations (Tr. 29).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 30).

2

The ALJ further found that Plaintiff could not return to his/her past relevant work (Tr. 40) but determined that he has the residual functional capacity ("RFC") to perform sedentary work (requiring lifting and carrying up to 10 pounds, *see* 20 C.F.R. § 404.1567(a)) and could occasionally stoop, crouch, kneel, crawl, and climb ramps and stairs; could never climb ladders, ropes, or scaffolds; could frequently perform fine and gross manipulation with both hands; should avoid hazardous machinery and exposure to unprotected heights; and was limited to performing simple, routine work tasks (Tr. 31).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 64).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human*

3

*Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ's decision is not based upon substantial evidence. Notable, he does not specifically challenge the ALJ's consideration of the medical opinions in the record, nor does he call into question the ALJ's RFC. Rather, his only argument is that the ALJ did not properly evaluate his subjective complaints of disabling pain.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Subjective claims of disabling pain must be supported by objective evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

Plaintiff worked as a surface coal miner for nineteen years. On July 20, 2013, he was working on the col loader he operated on a ladder ten feet off the ground when the ladder broke. To avoid falling, Mr. Middleton grabbed hold of the machine with his right upper extremity and was violently jerked. Ultimately, he was diagnosed with disc herniation at C6-C7 and underwent a cervical diskectomy and fusion at C6-C7 on December 18, 2013. According to Plaintiff, he continues to experience pain under his left scapula and lower back, as well as headaches and

osteoarthritis in his left knee.

The Court notes that the ALJ did not discredit Plaintiff's subjective complaints of disabling pain entirely. Indeed, the RFC is highly restrictive. Notably, Plaintiff does not contend that any specific limitations are absent from the RFC. Plaintiff, however, argues that his subjective complaints should have lead to a determination of disability. Yet, the ALJ set forth detailed reasons as to why he found Plaintiff's allegations of disabling impairment lacking in complete credibility.

the ALJ noted that, aside from Plaintiff's cervical fusion surgery, Plaintiff's course of treatment was generally routine and conservative in nature (Tr. 36). As part of that finding, the ALJ noted that "neither physical nor mental status examinations in the file during the relevant period has yielded findings to substantiate [Plaintiff's] subjective complaints" (Tr. 36). Specifically, the ALJ found that "the bulk of musculoskeletal examinations during the relevant period generally show normal gait and station with no evidence of misalignment, crepitation, tenderness, effusions, decreased range of motion, instability, atrophy, or abnormal strength" (Tr. 497-527, 544-66).

Moreover, the record reveals that Plaintiff's pain was generally well controlled with medication. His treating physician, Jose Echeveria, M.D. noted throughout his course of treatment of Plaintiff's neck, low back, and knee pain that the pain was under good control with medications (Tr. 492 ("c/o [complains of] neck and lower back pain good control with meds"), 498 ("c/o [low back pain] good control with meds), 508 ("c/o neck and lower back pain good control with prescribed meds"), 511 ("c/o [low back pain] good control with prescribed meds"), 525 ("c/o [low back pain] c/o left knee pain well controlled with hydrocodone"), 549 ("c/o neck

5

pain well controlled with hydrocodone"), 556 ("c/o n[e]ck and lower back pain well controlled with low dose hydrocodone")). *See* 20 C.F.R. § 404.1529(c)(3)(iv) (stating an ALJ must consider the effectiveness of treatment);

Finally, the ALJ found that despite allegations of disabling impairments, Plaintiff engages in a wide variety of household and other daily activities. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). Plaintiff reported to consultative examiner, Timothy L. Baggs, Psy.D., that he could cook, clean, do laundry, care for his personal needs, maintain social relationships, schedule his daily life, and make plans and follow through with them (Tr. 428). The ALJ found that these activities were consistent with the ability to perform a range of simple sedentary work, and inconsistent with Plaintiff's claims of disabling limitations.

Based upon the record, Plaintiff's complaints do not pass *Duncan* muster and the Court finds no error.

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors his claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if

substantial evidence supports the ALJ's decision, it must be affirmed.)

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 26th day of April, 2018.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge